IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Allyson C. Bergin, *Personal Representative of the Estate of Molly A. McKenzie* | ) ) ) | Case No. 6:23-cv-02691-JDA-KFM |
| | ) | |
| Plaintiff, | ) | **OPINION AND ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| 4 Aces Kitchen & Bar, LLC *d/b/a 4 Aces Kitchen & Cocktails*, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on a partial motion to dismiss filed by Defendant. [Doc. 26.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On April 3, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Defendant's partial motion to dismiss be granted as to Plaintiff's claims for wrongful termination, defamation, invasion of privacy, and breach of contract and denied as to Plaintiff's claim for intentional infliction of emotional distress, and that Plaintiff be granted leave to file a second amended complaint solely to cure the deficiencies in her defamation and invasion of privacy claims.  [Doc. 41.]  The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so.  [*Id.* at 22.]  The parties have filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Defendant's motion for partial dismissal [Doc. 26] is GRANTED IN PART and DENIED IN PART. The motion is granted as to Plaintiff's claims for wrongful termination, defamation, invasion of privacy, and breach of contract and denied as to Plaintiff's claim for intentional infliction of emotional distress. Additionally, Plaintiff is granted leave to file a second amended complaint solely to cure the deficiencies in her defamation and invasion of privacy claims. If Plaintiff chooses to file a second amended complaint, she must do so within 14 days of entry of this Order.

IT IS SO ORDERED.

<u>s/ Jacquelyn D. Austin</u>
United States District Judge

April 29, 2024
Greenville, South Carolina